# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 03/28/2017 12:01 PM
NYSCEF DOC. NO. 1

INDEX NO. 152867/2017
RECEIVED NYSCEF: 03/28/2017

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF NEW YORK

Heather Johnson,

        Plaintiff,

  – against–

Verizon Wireless Services, LLC, Chase
Receivables and Diversified Consultants, Inc.,

        Defendant(s).

Index No. 152867/2017

**VERIFIED COMPLAINT**

Plaintiff HEATHER JOHNSON, by and through her attorneys, Reznik Law Firm, PLLC, complaining of the Defendants, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### PARTIES

2. Plaintiff, Heather Johnson, is an adult residing in Phoenix, AZ.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3) of the FDCPA.

4. Defendant Chase Receivables ("Chase") is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 1247 Broadway, Sonoma, CA 95476. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

FILED: NEW YORK COUNTY CLERK 03/28/2017 12:01 PM

NYSCEF DOC. NO. 1

INDEX NO. 152867/2017

RECEIVED NYSCEF: 03/28/2017

5. Defendant Diversified Consultants, Inc. ("DCI") is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 10550 Deerwood Park Blvd. #309, Jacksonville, FL 32256. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant Verizon Wireless Services, LLC ("Verizon") is a business entity with a principal place of business located at 140 West Street, New York, NY 10007.

7. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

### FACTUAL ALLEGATIONS

8. Defendants attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Verizon.

9. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

10. On or about August 23, 2016, Plaintiff and Chase, on behalf of Verizon, entered into a settlement agreement for Plaintiff's Verizon account ending in 0001. A copy of the settlement agreement is attached herein as Exhibit A.

11. Pursuant to the terms of the settlement, Plaintiff was required to make three (3) payments totaling $327.18.

12. Thus, Verizon and Chase acknowledged that they had agreed to a settlement with Plaintiff, in consideration of settlement payments which Plaintiff would be required to make.

13. Plaintiff, via her debt settlement company, National Debt Relief ("NDR"), timely made the first two payments.

14. Verizon and Chase accepted and cashed these payments. Proofs of these payments are attached herein as Exhibit B.

15. However, although Plaintiff and NDR timely made the next settlement payment available, Verizon and Chase refused to accept this payment, thereby breaching the parties' agreement.

16. Verizon and Chase's reneging on the settlement agreement with Plaintiff constitutes a breach of contract.

17. Thereafter, on December 1, 2016, NDR contacted Chase to resolve the payment discrepancy.  A Chase representative named Antoinette stated that the account was recalled back to Verizon.

18. On December 6, 2016, NDR called Verizon and spoke to a representative named Kira who stated that the account was now with DCI.

19. On January 24, 2017, NDR called DCI and spoke to a representative named Ashley who advised that DCI would not honor the previous settlement agreement and that the account needed to be renegotiated.

20. This communication was a false and misleading representation of the debt.

21. Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their

FILED: NEW YORK COUNTY CLERK 03/28/2017 12:01 PM
NYSCEF DOC. NO. 1

INDEX NO. 152867/2017
RECEIVED NYSCEF: 03/28/2017

actions within compliance with the FDCPA, but neglected to do so and failed to adequately review their actions to ensure compliance with said laws.

22. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard of federal law and the rights of the Plaintiff herein.

## FIRST CAUSE OF ACTION
(Breach of Contract)

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25. Verizon and Chase acknowledged that they had agreed to a settlement with Plaintiff, in consideration of the settlement payments which Plaintiff would be required to make.

26. Plaintiff timely made the first two payments.

27. Verizon and Chase accepted and cashed these payments, but refused to accept the third and final payment in accordance with the settlement, thereby breaching the parties' agreement.

28. Verizon's and Chase's reneging on its settlement agreement with Plaintiff constitutes a breach of contract.

29. As a result, Plaintiff has suffered actual and monetary damages.

FILED: NEW YORK COUNTY CLERK 03/28/2017 12:01 PM        INDEX NO. 152867/2017
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 03/28/2017

## SECOND CAUSE OF ACTION
(Fair Debt Collection Practices Act)

30. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

31. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

32. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

33. FDCPA § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

34. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

35. Chase violated these provisions of the FDCPA by falsely and deceptively inducing Plaintiff to enter into a settlement agreement which it did not intend to adhere to and/or intended to breach.

36. DCI violated these provisions by seeking the original account balance from Plaintiff despite being aware of the settlement arrangement Plaintiff had with Verizon.

37. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages which can be up to $1,000, attorney's fees and costs.

FILED: NEW YORK COUNTY CLERK 03/28/2017 12:01 PM
NYSCEF DOC. NO. 1

INDEX NO. 152867/2017
RECEIVED NYSCEF: 03/28/2017

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment in the sum of $12,000 be entered against Defendants as follows:

1) That judgment be entered against Verizon and Chase for actual and monetary damages accrued by Plaintiff as a result of its breach of contract;

2) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

5) That the Court grant such other and further relief as may be just and proper.

Dated: March 28, 2017
New York, New York

**Reznik Law Firm, PLLC**
By: /s/ Maksim Reznik
Maksim Reznik, Esq.
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel (212) 537-9276
Fax (877) 366-4747
maks@rezniklawfirm.com
Attorneys for Plaintiff

FILED: NEW YORK COUNTY CLERK 03/28/2017 12:01 PM
NYSCEF DOC. NO. 1

INDEX NO. 152867/2017
RECEIVED NYSCEF: 03/28/2017

## VERIFICATION BY ATTORNEY

STATE OF NEW YORK     )
                              ) ss.:
COUNTY OF NEW YORK  )

I, MAKSIM REZNIK, an attorney duly admitted to practice law in the State of New York, hereby affirm under penalty of perjury:

I am an attorney associated with Reznik Law Firm, PLLC attorneys for HEATHER JOHNSON, the plaintiff in the foregoing matter, with an office located at 30 Wall Street, 8th Floor #741, New York, NY 10005. I have read the foregoing Complaint and know the contents thereof, and that the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

The reason why this verification is made by deponent instead of Plaintiff is because Plaintiff is not within the County of New York which is the county where the deponent has her office.

Dated: March 28, 2017
New York, New York

/s/ Maksim Reznik
MAKSIM REZNIK

# EXHIBIT A

From:                                    08/23/2016 09:32    #190 P.002/003


CHASE RECEIVABLES
1247 BROADWAY
SONOMA, CALIFORNIA  95476
(800) 622-0484


AUG 23, 2016

HEATHER A JOHNSON
2736 W SUNLAND AVE

PHOENIX, AZ 85041-3480

CREDITOR: VERIZON WIRELESS          0028
CHASE ACCT#: 14281410   REFERENCE ID#: 087272083400001
AMOUNT REFERRED:    $554.55
CURRENT BALANCE:    $654.36

DEAR HEATHER A JOHNSON,

    THIS LETTER SERVES TO INFORM YOU CHASE RECEIVABLES AGREES
    TO ACCEPT $327.18 1 X 57.18 FOR 08/31/16 2 X 135 FOR
09/30/16 & 10/30/16 TO SETTLE THE BALANCE. WE ARE
    NOT OBLIGATED TO RENEW THIS OFFER.

    IF THE ACCOUNT IS PAID BY GUARANTEED FUNDS IT WILL BE CONSIDERED
    SETTLED THE DAY THE PAYMENT IS RECEIVED.  IF THE ACCOUNT
    IS PAID BY CHECK THE ACCOUNT WILL NOT BE CONSIDERED SETTLED
    UNTIL THE CHECK/ELECTRONIC DEBIT HAS CLEARED THE BANK (THIS
    PROCESS CAN TAKE UP TO 30 DAYS).

    SINCERELY,

    CHASE RECEIVABLES


    THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL
    BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

New York City Department of Consumer Affairs License #1016382


1

In Tennessee we are licensed by the Collection Services Board,
State Department
of Commerce and Insurance.

In Colorado, for information about the Colorado Fair Debt
Collection Practices Act,
see www.coag.gov/car

2

# EXHIBIT B

2017-02-01 11:2

## FEDERAL RESERVE SYSTEM
### FedACH
### Item Detail

**Item Information**

| | | | |
|---|---|---|---|
| Originator ABA: | 091408598 | Account Number: | 00000001881553075 |
| Receiver ABA: | 111000753 | Trans Code: | 27 |
| Individual Name: | HEATHER JOHNSON | Amount: | $57.18 |
| Individual ID No: | 14281410RS | Description: | |
| Trace Number: | 16244010243477 | | |

**Output Batch Information**

| | | | |
|---|---|---|---|
| Company Name: | CHASE RECEIVABLE | Batch Number: | 272 |
| Service Class: | 200 | Company ID: | 1941284710 |
| SEC Code: | TEL | Effective Entry Data: | 9/01/2016 |
| Company Entry Description: | PREAUTHPMT | Settlement Date: | 9/1/2016 |

2017-02-01  11:2

## FEDERAL RESERVE SYSTEM
### FedACH
### Item Detail

**Item Information**

| | |
|---|---|
| Originator ABA: 091408598 | Account Number: 00000001881553075 |
| Receiver ABA: 111000753 | Trans Code: 27 |
| Individual Name: HEATHER JOHNSON | Amount: $135.00 |
| Individual ID No: 14281410RS | Description: |
| Trace Number: 16277009441407 | |

**Output Batch Information**

| | |
|---|---|
| Company Name: CHASE RECEIVABLE | Batch Number: 350 |
| Service Class: 200 | Company ID: 1941284710 |
| SEC Code: TEL | Effective Entry Data: 10/03/2016 |
| Company Entry Description: PREAUTHPMT | Settlement Date: 10/3/2016 |